UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| In re Rafia Nafees Khan, <br>     Debtor. | |
| Rafia Nafees Khan, <br>     Appellant, <br><br>   vs. <br><br> Regions Bank, <br>     Appellee. | ORDER AND MEMORANDUM DECISION <br><br> No. 3:12-cv-00025 <br> Judge Tena Campbell |

Debtor/Appellant Rafia Nafees Khan appeals from two bankruptcy court orders in an adversary proceeding against Creditor/Appellee Regions Bank. The first order dismissed Ms. Khan's adversary proceeding. (Order, Khan v. Regions Bank (In re Khan), No. 3:11-ap-03186 (Bankr. E.D. Tenn. Sep. 29, 2011), ECF No. 21.) The second order denied Ms. Khan's motion to Amend or Alter the first order that dismissed her adversary proceeding. (Order, Khan v. Regions Bank (In re Khan), No. 3:11-ap-03186 (Bankr. E.D. Tenn. Dec. 13, 2011), ECF No. 38.) For the reasons set forth below, the court dismisses Ms. Khan's appeal for lack of appellate standing and lack of jurisdiction.[1]

Ms. Khan voluntarily filed for Chapter 7 bankruptcy protection in December 2010. She listed assets worth approximately $272,000, and liabilities of $541,000. The listed liabilities

---

[1] The court has reviewed Ms. Khan's motion requesting oral argument. (Pl./Appellant's Mot. to Schedule Oral Arg. on Appeal, Khan v. Regions Bank (In re Khan), No. 3:10-cv-00025 (Bankr. E.D. Tenn. Mar. 1, 2012), ECF No. 10.) The parties have filed extensive briefs in which they have fully covered all the issues and submitted record evidence in support of the parties' positions. The court finds that the facts and legal arguments are adequately presented in the parties' papers, such that the decision process would not be significantly aided by oral argument. See Fed. R. Bankr. P. 8012. Accordingly, Ms. Khan's motion for oral argument (Docket No. 10) is DENIED.

include a disputed home-equity loan held by Regions Bank for $68,000 and some associated legal fees for $48,000, both of which the bank alleges are secured by Ms. Khan's home. In her bankruptcy schedules, Ms. Khan described the two debts as disputed and contingent, noting that she had filed a suit in Tennessee state court and that it was her intent to show the loan was invalid. But when the Tennessee state court received word that Ms. Khan had declared bankruptcy, it stayed its proceedings until Ms. Khan's bankruptcy case was closed or the automatic stay was lifted. There is no indication in the record that either party has petitioned to lift the automatic stay to allow the Tennessee state court case to proceed. Consequently, the validity of the home-equity loan has never been determined.

A trustee was appointed to Ms. Khan's bankruptcy estate, and eventually Ms. Khan received her Chapter 7 discharge in May 2011. A month later, Regions Bank filed a proof of claim for the disputed home-equity loan and associated legal fees debt. The trustee did not object to the proof of claim, nor did the trustee formally abandon the ability to object. Ms. Khan decided to file an amended adversary complaint against Region Bank's proof of claim herself. Regions Bank moved to dismiss Ms. Khan's adversary claim. The bankruptcy court granted the motion, reasoning that Ms. Khan had not demonstrated how she was "a party of interest" and so did not have standing to file an adversary complaint in her Chapter 7 bankruptcy proceeding. Ms. Khan petitioned the bankruptcy court to alter or amend its order dismissing her case. The bankruptcy court denied the motion. Ms. Khan then appealed the two bankruptcy court orders to this court.

Before reaching the merits of Ms. Khan's appeal, as a threshold matter, this court must ask whether Ms. Khan has standing to appeal the bankruptcy court's orders. See Cohn v. Brown, 161 F. App'x 450, 454 (6th Cir. 2005) (standing is the "threshold question in every federal

case"). If Ms. Khan lacks appellate standing, this court lacks jurisdiction over her appeal. In re Troutman, 286 F.3d 359, 364 (6th Cir. 2002); In re First Cincinnati, 286 B.R. 49, 51 (B.A.P. 6th Cir. 2002). The appellate standing requirement in bankruptcy cases is quite restrictive—it is much more limited than Article III standing or the prudential requirements associated with federal standing generally. In re Moran, 566 F.3d 676, 681 (6th Cir. 2009); In re Troutman, 286 F.3d at 364; In re Sunningdale Country Club, 351 F.2d 139, 143 (6th Cir. 1965). Moreover, appellate standing is different from standing in bankruptcy court. In re Combustion Eng'g, Inc., 391 F.3d 190, 214 n.21 (3d Cir. 2004). As opposed to standing in the bankruptcy proceeding below—which is broadly granted to any "party of interest"—appellate standing is given only to "persons aggrieved" by the bankruptcy court's order. See id.; In re Moran, 566 F.3d at 681. This principle, known as the "person aggrieved" doctrine, limits standing to persons with a direct, pecuniary interest in the bankruptcy court's order, which has been interpreted to mean the "order directly diminishes a person's property, increases his burdens, or impairs his rights." [2] In re Moran, 566 F.3d at 681. It is within the province of the district judge hearing the appeal to determine if the party is a "person aggrieved," and in making that determination, the judge may rely on "practical common sense." In re Sunningdale Country Club, 351 F.2d 139, 143 (6th Cir. 1965).

---

[2] This more stringent appellate standing requirement rests on the acute need to limit appeals in bankruptcy proceedings, which often involve a myriad of parties who are indirectly affected by every bankruptcy court order. In re Combustion Eng'g, Inc., 391 F.3d 190, 215 (3d Cir. 2004) ("Standing is not dispensed in gross, but rather is determined by the specific claims presented."); see also In re DuPage Boiler Works, Inc., 965 F.2d 296, 297 (7th Cir.1992) ("The 'person aggrieved' test insures that bankruptcy proceedings are not unreasonably delayed by protracted litigation by allowing only those persons whose interests are directly affected by a bankruptcy court order to appeal."); In re Fondiller, 707 F.2d 441, 443 (9th Cir. 1983) ("Efficient judicial administration requires that appellate review [in bankruptcy proceedings] be limited to those persons whose interests are directly affected.").

In most circumstances, a Chapter 7 debtor is not a "person aggrieved." Monus v. Lambros, 286 B.R. 629, 634 (N.D. Ohio 2002) ("Chapter 7 debtors rarely have a pecuniary interest because no matter how the estate's assets are disbursed by the trustee, no assets will revert to the debtor."); see also In re O'Donnell, 326 B.R. 901, at *5 (B.A.P. 6th Cir. 2005) (unpublished) (collecting cases). When a debtor files for Chapter 7, "all legal or equitable interests of the debtor in property as of the commencement of the case" are given to the estate. See 11 U.S.C. § 541 (2006). Once the bankruptcy trustee is appointed, she becomes the sole representative of the estate, she is the one with the pecuniary interests, and she alone has the "capacity to sue and be sued," including filing an appeal on behalf of the estate. See 11 U.S.C. § 323; In re New Era, Inc., 135 F.3d 1206, 1209 (7th Cir. 1998) (holding that only the trustee had standing to appeal an order adverse to debtor); Detrick v. Panalpina, Inc., 108 F.3d 529, 535 (4th Cir. 1997) (noting the trustee alone has standing to prosecute appeals); In re Eisen, 31 F.3d 1447, 1451 n.2 (9th Cir. 1994) (same); In re Gulph Woods Corp., 116 B.R. 423, 428 (Bankr. E.D. Pa. 1990) (stating only the trustee, and not the debtor, has the capacity to represent estate and to sue and be sued); Cain v. Hyatt, 101 B.R. 440, 442 (E.D. Pa. 1989) (noting only the trustee has authority to prosecute or settle causes of action). To allow debtors to assume the role of examining and objecting to claims "would permit them to usurp the trustee's authority and to require the courts to rule on objections where the allowance or disallowance of the claim is meaningless to the administration of the estate." In re Woods, 139 B.R. 876, 877 (Bankr. E.D. Tenn. 1992). See In re Sun Ok Kim, 89 B.R. 116, 118 (D. Haw. 1987) ("The debtor's role is limited to advising the trustee of the validity or invalidity of the claim. The trustee then decides whether to object."). Accordingly, it is the trustee alone, as distinguished from the Chapter 7 debtor, who possesses standing to appeal from bankruptcy court orders. Spenlinhauer v.

O'Donnell, 261 F.3d 113, 118 (1st Cir. 2001); see also In re Eisen, 31 F.3d 1447, 1451 n.2 (9th Cir. 1994) ("Once appointed a trustee, the debtor's assets and claims pass to the trustee, making the trustee 'the proper party in interest, and the only party with standing to appeal the bankruptcy court's order.'") (quoting Hancock Bank v. Jefferson, 73 B.R. 183, 185 (Bankr. S.D. Miss. 1986)). When Ms. Khan filed for bankruptcy, she gave all her legal and equitable interests to the bankruptcy estate. But, the trustee did not join in Ms. Khan's initial adversary action, nor did the trustee join in the instant appeal. Consequently, Ms. Khan cannot claim appellate standing based on the trustee's legal or equitable interests.

Two narrow exceptions provide limited appellate standing to a Chapter 7 debtor who is not joined by the trustee: (1) when a successful appeal would result in a surplus or (2) when a successful appeal would affect the terms of discharge. In re Amir, 436 B.R. 1, 10 (B.A.P. 6th Cir. 2010) (citing In re Thompson, 965 F.2d 1136, 1143–44 & n.12 (1st Cir. 1992)); In re O'Donnell, 326 B.R. 901, at *5–6 (B.A.P. 6th Cir. 2005) (unpublished). The debtor has the burden to point to concrete evidence showing that either exception applies. In re Amir, 436 B.R. at 10; In re Williams, 181 B.R. 532, 535 (D. Kan. 1995) (citing In re American Ready Mix, Inc., 14 F.3d 1497, 1500 (10th Cir. 1994)).

Ms. Khan has not carried her burden. First, it is clear from the record before the court that Ms. Khan cannot show how a successful appeal of the orders below would result in a surplus. In the bankruptcy schedules, Ms. Khan states her assets are worth approximately $272,000. But she lists liabilities that total more than $541,000—a deficiency of over $269,000. Even if the dispute between Ms. Khan and Regions Rank were somehow resolved in her favor and she did not have to include the $68,000 and $48,000 disputed debts as liabilities, Ms. Khan's

assets would still fall short of the remaining uncontested liabilities by over $153,000. There is no reasonable chance that Ms. Khan can show that a successful appeal will result in a surplus.

Second, Ms. Khan has not given the court a concrete demonstration of how a successful appeal on the orders below would affect the terms of her discharge. In her pleadings, instead of presenting this court with legal or factual evidence demonstrating how an appeal of the orders below would directly change the terms of her discharge, Ms. Khan argues the merits of whether she had standing in the bankruptcy court below. But that argument misses the mark. As noted above, standing in the bankruptcy court as a "party of interest" is dissimilar from the more restrictive "person aggrieved" standard on appeal. See In re Combustion Eng'g, 391 F.3d at 214 n.21; In re Moran, 566 F.3d at 681. Ms. Khan does not demonstrate how a change in the bankruptcy court's orders below would affect the terms of the discharge she already received in May 2011. Ms. Khan has not carried the burden to show she fits the legal profile of a "person aggrieved," and so lacks standing to appeal the bankruptcy court orders, and this court lacks jurisdiction over her appeal.

For the foregoing reasons, Ms. Khan's motion for oral argument (Docket No. 10) is DENIED, and Ms. Khan's appeal (Docket No. 1) is DISMISSED for lack of jurisdiction.

SO ORDERED this 31st day of October 2012:

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge

ENTERED AS A JUDGMENT
  s/ *Debra C. Poplin*
  CLERK OF COURT